UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYREE WRIGHT,

    Plaintiff,

vs.

    Case No. 3:17-cv-665-J-39JRK

S. ALVAREZ, et al.,

    Defendants.

## ORDER

### I. Status

Defendants S. Alvarez, P. Enochs and R. Vivas, M.D., filed a Motion to Dismiss the Medical Malpractice Claim (Motion) (Doc. 27).[1] Plaintiff responded. See Plaintiff's Answer/Reply to the Three Said Defendants' Motion to Dismiss the Medical Malpractice Claim (Doc. 29); Order (Doc. 12).

Plaintiff is proceeding on an Amended Complaint (Amended Complaint) (Doc. 8). As Defendants, he names S. Alvarez, P. Enochs, and R. Vivas, M.D. They have answered (Doc. 28) the Amended Complaint.

### II. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[1] In this opinion, the Court references the document and page numbers designated by the electronic filing system.

relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

### III. Medical Malpractice Claim

It is important to note that Florida's Medical Malpractice Act, contained in Chapter 766, Florida Statutes, sets forth complex pre-suit investigation and notice procedures that must be followed by both the claimant and defendant. Wheeler v. Corizon Medical Health Care Services, No. 5:16cv96/LAC/EMT, 2016 WL 7743516, at *3 (N.D. Fla. Dec. 27, 2016) (citing Kukral v. Mekras, 679 So.2d 278, 280 (Fla. 1996)), report and recommendation adopted by 2017 WL 113063 (N.D. Fla. Jan. 11, 2017). This means that after completion of the claimant's pre-suit investigation and prior to the filing of a medical malpractice claim, the claimant "must notify each potential defendant 'of intent to initiate litigation for medical malpractice[,]'" and corroborate the claim "with a verified written

medical expert opinion, which must be furnished to each potential defendant with the notice . . . ." Bullock v. Kindred Hospitals East, LLC, No. 8:06CV1170T-27MSS, 2006 WL 2620138, at *2 (M.D. Fla. Sept. 13, 2006) (citations omitted). Of further importance, "the pre-suit requirements apply to incarcerated plaintiffs" and "to cases filed in federal court." Wheeler, 2016 WL 7743516, at *3 (citing O'Hanrahan v. Moore, 731 So.2d 95 (Fla. 4th DCA 1999); Okaloosa Cty. v. Custer, 697 So.2d 1297 (Fla. 1st DCA 1997); McMahan v. Toto, 256 F.3d 1120 (11th Cir. 2001); Woods v. Holy Cross Hosp., 591 F.2d 1164 (5th Cir. 1979); Clark v. Sarasota Cty. Pub. Hosp. Bd., 65 F.Supp.2d 1308, 1314 (M.D. Fla. 1998)).

In this regard, Plaintiff's medical malpractice claim will be subject to dismissal if he failed to comply with the pre-suit requirements. Indeed, failure to fulfill the statutory requirements is fatal to a malpractice claim. Novak v. United States of America, No. 2:15-cv-504-FtM-38MRM, 2016 WL 3447365, at *2 (M.D. Fla. June 23, 2016). Moreover, "if more than two years has passed since the accrual of this cause of action," the claim is subject to dismissal with prejudice. Smith v. Brevard Cty., Fla., No. 6:06-cv-715-Orl-31JGG, 2006 WL 2355583, at *8 (Aug. 14, 2006) (citing Clark, 65 F.Supp.2d at 1312), opinion amended on reh'g by 2006 WL 2507975 (M.D. Fla. Aug. 29, 2006).

Plaintiff, in his Response, references his notice of intent to sue, claiming he mailed it from Suwannee Correctional Institution

3

to the Florida Department of Financial Services Division of Risk Management in Tallahassee, Florida, on October 14, 2016. Response at 5. For the Court's review, he provides a copy of the Notice of Intent to Sue as Exhibit 28 (Notice) (Doc. 29-28).

Upon review, even if this Notice satisfied the notice requirement, there is no affidavit of a medical professional accompanying the notice. See Bullock, 2006 WL 2620138, at *3 (finding that an affidavit of a medical expert opinion accompanying the notice complied with the pre-suit procedures). Section 766.203(2)(b), Florida Statutes, "requires that corroboration of reasonable grounds to initiate medical negligence litigation shall be provided by the claimant's submission of a verified written medical expert opinion from a medical expert at the time the notice of intent to initiate is mailed." Wheeler, 2016 WL 7743516, at *3. Plaintiff does not assert or demonstrate that he complied with this particular requirement.

Although this statutory scheme is to be interpreted liberally so that there is no undue restriction to a potential claimant's access to the courts, there are certain requirements that must be met. Kukral v. Mekras, 679 So.2d 278, 284 (Fla. 1996). As such, this Court must respect Florida's legislative policy and its initiative of screening out frivolous lawsuits and defenses. Id. Therefore, the claimant must ensure that the verified written medical expert opinion "**be furnished to each potential defendant**

with the notice of intent to initiate litigation." Bullock, 2006 WL 2620138, at *2 (emphasis added).  Also, these documents "must indicate how the defendant(s) deviated from the standard of care and provide defendant(s) with adequate information to evaluate the merits of the claim."  Id. (citing Watkins v. Rosenthal, 637 So.2d 993, 994 (Fla. 3d DCA 1994) (citing Duffy v. Brooker, 614 So.2d 539, 545 (Fla. 1st DCA), rev. den'd, 624 So.2d 267 (Fla. 1993), abrogation on other grounds recognized by Archer v. Maddux, 645 So.2d 544, 546 (Fla. 1st DCA 1994)).

Even liberally interpreting the statutory scheme in an attempt to avoid the harsh sanction of dismissal, Plaintiff's notice fails to meet the requirements of Florida's statutory scheme.  The notice was not provided to "each potential defendant"; instead, the notice was sent to the Division of Risk Management.  More importantly, there is no verified written medical expert opinion attached to the notice.  There is only Plaintiff's statement of the basis for action.  See Notice.  Plaintiff's attempt to comply with the statutory requirements is deficient.  As such, the medical malpractice claim is due to be dismissed.

The remaining question is whether the dismissal should be with or without prejudice.  A claimant may cure the default if the pre-suit requirements "are fulfilled within the applicable statute of limitations."  Novak, 2016 WL 3447365, at *2 (citing Kukral, 679 So.2d at 283).  In this instance, the two-year statute of

limitations has run, and Plaintiff has not shown that he fulfilled the applicable pre-suit requirements. Therefore, the medical malpractice claim will be dismissed with prejudice. Although Plaintiff may not proceed on the malpractice claim, he may pursue his claim of a violation of his civil rights. As noted above, Defendants previously answered the Amended Complaint.

Therefore, it is now

**ORDERED:**

1. Defendants S. Alvarez, P. Enochs and R. Vivas, M.D.'s Motion to Dismiss the Medical Malpractice Claim (Doc. 27) is **granted.**

2. Plaintiff's Medical Malpractice Claim is **DISMISSED with prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of January, 2018.

BRIAN J. DAVIS
United States District Judge

sa 1/17
c:
Tyree Wright
Counsel of Record